**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 15-4129**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAKEEN D. NORTHCUTT,

        Defendant - Appellant.

─────────

**No. 15-4130**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RAKEEN D. NORTHCUTT,

        Defendant - Appellant.

─────────

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:14-cr-00038-AWA-DEM-1; 4:14-cr-00038-AWA-DEM-2)

─────────

Submitted:  September 30, 2015    Decided:  October 16, 2015

─────────

Before DUNCAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

Fernando Groene, FERNANDO GROENE, P.C., Williamsburg, Virginia; Timothy J. Quick, TIMOTHY J. QUICK, P.C., Virginia Beach, Virginia, for Appellants. Dana J. Boente, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, India Richardson, Third Year Law Student, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Shakeen D. Northcutt and Rakeen D. Northcutt appeal their convictions for conspiracy to obstruct, delay and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012). Both argue that there was insufficient evidence to support their convictions and that the Government improperly vouched for the credibility of the coconspirator witnesses.

We review challenges to the sufficiency of evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Perry, 757 F.3d 166, 175 (4th Cir. 2014) (emphasis and internal quotation marks omitted), cert. denied, 135 S. Ct. 1000 (2015).

We view the evidence and reasonable inferences drawn therefrom in the light most favorable to the Government. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). "In determining whether there is substantial evidence to support a verdict, we defer to the jury's determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the jury and are not susceptible to

judicial review." United States v. Louthian, 756 F.3d 295, 303 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 421 (2014). "[I]f the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007) (internal quotation marks omitted).

The Northcutts argue that the evidence was insufficient to support their convictions because the testimony of the coconspirator witnesses contained too many inconsistencies for the jury to accept any of it as credible. Despite the discrepancies that the Northcutts reference in their appellate brief, we "assume that the jury resolved all contradictions in the testimony in favor of the Government." Roe, 606 F.3d at 186. Because there is sufficient evidence in the record to convict and we do not review the jury's credibility determination, we reject this argument.

As to their argument that the Government vouched for the coconspirator witnesses' credibility, because the Northcutts failed to object to this alleged vouching at the time it occurred, we review for plain error only. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). To satisfy plain error review, the Northcutts must establish that: (1) there was an error; (2) the error was plain; and (3) the error affected their substantial rights. Id. We conclude that, in view of the

4

entire record, the Northcutts have failed to demonstrate that their substantial rights were affected by the challenged statements. Accordingly, we reject this argument and affirm their convictions.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED